**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Todd M. Bercier, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil No. 4:10-cv-040 |
| Department of Health and Human Services, | ) | |
| by and through Secretary Kathleen Sebelius, | ) | |
| et al., | ) | |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the Defendant's "Motion for Dismissal" filed on February 4, 2011, and the Plaintiff's "Motion for Substitution" filed on February 17, 2011. See Docket Nos. 7 and 12. The Plaintiff filed a response in opposition to the Defendant's motion on February 14, 2011 and the Defendant filed a reply brief on February 16, 2011. See Docket Nos. 8 and 11. On February 28, 2011, the Defendant filed a response in opposition to the Plaintiff's motion. See Docket No. 14.

On May 18, 2010, the plaintiff, Todd M. Bercier, filed this action in federal district court against the defendant, Department of Health and Human Services ("Department"). See Docket No. 1. Bercier's complaint alleges the Department violated his rights guaranteed under five different acts: (1) Title VII of the Civil Rights Act of 1964; (2) Age Discrimination in Employment Act of 1967; (3) Americans with Disabilities Act of 1990; (4) Rehabilitation Act of 1973; and (5) Civil Rights Act of 1991. On June 25, 2010, the Court ordered the action be stayed for nine (9) months pending the exhaustion of the required administrative remedies. See Docket No. 5. The Court ordered, "The parties shall inform the Court of the progress of the administrative proceedings on or before February 15, 2011, after which the Court will consider whether an additional stay is appropriate." See Docket No. 5.

On November 3, 2010, the Department filed a "Notice of Death" pursuant to Rule 25 of the Federal Rules of Civil Procedure which states that Bercier died on or about September 18, 2010. See Docket No. 6. On February 4, 2011, the Department filed a motion to dismiss because the successor or representative of Bercier's estate had not yet filed a motion for substitution. See Docket No. 7. On February 15, 2011, the Department filed a status report which states that it will take between 60 and 90 days to resolve the pending administrative actions. See Docket No. 9. Bercier's attorney of record also filed a status report on February 15, 2011, agreeing with the Department's status report and requesting the Court extend the stay pending final resolution of the administrative action. See Docket No. 10. On February 17, 2011, the attorney of record for Bercier filed a motion for substitution, requesting the Court substitute "Estate of Todd M. Bercier and Joshua Bercier, as Personal Representative of the Estate of Todd M. Bercier," as the plaintiffs. See Docket No. 12.

Rule 25 of the Federal Rules of Civil Procedure states that if a motion for substitution "is not made within 90 days after service of a statement noting the death [of a party], the action by or against the decedent must be dismissed." A motion for substitution was not made within 90 days of the filing of the notice of death. However, the case was stayed pending the exhaustion of the required administrative remedies. The parties agree that the administrative remedies have not yet been exhausted.

The Court finds, in its discretion, that it was reasonable for the Plaintiff's attorney of record to believe the 90-day requirement under Rule 25 was stayed pursuant to the Court's order of stay issued on June 25, 2010. Accordingly, the Court **GRANTS** the Plaintiff's motion for substitution (Docket No. 12) and **DENIES** the Defendant's motion to dismiss (Docket No. 7). The Court

**ORDERS** that "Estate of Todd M. Bercier and Joshua Bercier, as Personal Representative of the Estate of Todd M. Bercier" shall be substituted for plaintiff "Todd M. Bercier" in the caption of this case. The Court further **ORDERS** that an additional stay of ninety (90) days is appropriate since both parties agree to extend the stay in their status reports. The parties shall inform the Court of the progress of the administrative proceedings on or before June 10, 2011, after which the Court will consider whether an additional stay is appropriate. If the parties do not agree to extend the stay, the Court shall issue an order lifting the stay so the matter may be restored to the active docket. At that time, the Defendant shall have until June 21, 2011 to answer or otherwise respond to the complaint.

Dated this 21st day of March, 2011.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court