IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Estate of Todd M. Bercier and Joshua Bercier, as Personal Representative of the Estate of Todd M. Bercier, | ) ) ) ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) |
| The U.S. Department of Health and Human Services, by and through Secretary Kathleen Sebelius et al., | ) ) ) ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Case No. 4:10-cv-040

Before the Court is the Defendant's motion for summary judgment filed on July 26, 2012. See Docket No. 23. The Plaintiff filed a responsive brief in opposition to the motion on November 19, 2012. See Docket No. 32. The Defendant filed a reply on November 21, 2012. See Docket No. 33. For the reasons set forth below, the Court grants the Defendant's motion for summary judgment.

**I.     BACKGROUND**

This lawsuit was brought by the plaintiff, Estate of Todd Bercier, against the decedent's former employer, the United States Department of Health and Human Services. The Plaintiff alleges various claims under federal and state law. See Docket No. 1. The complaint provides a general summary of the allegations stating the decedent was "subjected to a hostile work environment, to personal and professional harassment, to discriminatory conduct by the Aberdeen Area Indian Health Service senior officials and local hospital administrators, and by other wrongful actions[.]" See Docket No. 1, p. 3. The Defendant has filed a motion for summary judgment. See Docket No. 23. The Plaintiff filed a responsive brief in opposition to the motion for summary judgment. See

Docket No. 32. However, the responsive brief failed to include any reference to evidence in the record supporting the claims and establishing any genuine issues of material fact.

## II.  LEGAL DISCUSSION

The Defendant contends summary judgment is appropriate for various reasons including: the expiration of the statue of limitations, lack of jurisdiction, insufficient evidentiary support, federal preemption of state law claims, and failure to exhaust administrative remedies. See Docket No. 24. As required by Rule 56(c), the Defendant's contentions are supported by specific reference to evidence in the record. See Fed.R.Civ.P. 56(c)(1) (requiring parties to support factual assertions made in connection with a summary judgment motion). The Defendant also cited relevant case law. In response to the Defendant's motion, the Plaintiff filed a brief in opposition but failed to include a single reference to evidence in the record which would permit a finding in his favor.

To avoid summary judgment, the opposing party "must set forth specific facts showing that there is a genuine issue for trial[,]" and must also reference evidence in the record supporting the factual assertions. Anderson v. Liverty Lobby, Inc., 477 U.S. 242, 248 (1986); Fed.R.Civ.P. 56(c); D.N.D. Civ. L. R. 7.1(A)(3). Local Rule 7.1 (A)(3) provides that:

> The recitation of the facts in the response to a motion for summary judgment may be in narrative form, *but must be supported by reference to specific pages, paragraphs, or parts of* the pleadings, depositions, answers to interrogatories, exhibits, and affidavits that have been served and filed with the court and that conform to the requirements of Fed. R. Civ. P. 56[(c)].

D.N.D. Civ. L. R. 7.1(A)(3) (emphasis added). Local Rule 7.1(A)(3) requires citation to evidence that supports factual assertions made by the party opposing summary judgment. The Plaintiff failed

to include any reference to evidence in the record to support the bare assertions and conclusory statements made in support of the claims of discriminatory employment actions.

The Court finds that the Plaintiff failed to comply with Local Rule 7.1(A)(3) and Rule 56(c) of the Federal Rules of Civil Procedure. As a result, the Court has discretion to grant summary judgment. Fed.R.Civ.P. 56(e). In the exercise of its discretion, the Court grants the Defendant's motion for summary judgment.

### III. CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and the relevant case law. The Court **GRANTS** the Defendant's motion for summary judgment (Docket No. 23).

**IT IS SO ORDERED.**

Dated this 2nd day of January, 2013.

>  */s/ Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court